| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF ORANGEBURG | ) | |
| Ashley Rynes, | ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) | ) | 2016 -CP- 38 -01383 |
| vs. | ) | Summons and complaint of within entitled cause received at this office and service accepted in accordance with law |
| National Casualty Company, | ) | |
| Defendant(s) | ) | |

Submitted By: Charles J. McCutchen    SC Bar #: 70288   this 7th day of Nov 2016
Address:   Post Office Box 2789      Telephone #: (803)268-9800
           250 Gibson Street         Fax #: (803)531-3465   Raymond W. Farmer
           Orangeburg, SC 29116      Other:                 Director of Insurance
                                     E-mail: chad@landblawfirm.com   Attorney to Accept Service

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

**DOCKETING INFORMATION** (Check all that apply)
*If Action is Judgment/Settlement do not complete*

☒ **JURY TRIAL** demanded in complaint.   ☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☒ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

**NATURE OF ACTION** (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Conversion (310) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Motor Vehicle Accident (320) | ☐ Condemnation (410) |
| ☐ General (130) | ☐ Medical Malpractice (220) | ☐ Premises Liability (330) | ☐ Foreclosure (420) |
| ☒ Breach of Contract (140) | Previous Notice of Intent Case # | ☐ Products Liability (340) | ☐ Mechanic's Lien (430) |
| ☐ Fraud/Bad Faith (150) | 20___-NI-_____-_____ | ☐ Personal Injury (350) | ☐ Partition (440) |
| ☐ Failure to Deliver/ Warranty (160) | ☐ Notice/ File Med Mal (230) | ☐ Wrongful Death (360) | ☐ Possession (450) |
| | ☐ Other (299) _____ | ☐ Assault/Battery (370) | ☐ Building Code Violation (460) |
| ☐ Employment Discrim (170) | | ☐ Slander/Libel (380) | ☐ Other (499) _____ |
| ☐ Employment (180) | | ☐ Other (399) _____ | |
| ☐ Other (199) _____ | | | |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |
| | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |

| Special/Complex /Other | | | |
|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Petition for Workers Compensation Settlement Approval (780) | ☐ Other (999) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | |
| ☐ Medical (620) | ☐ Out-of-State Depositions (650) | ☐ Other (799) _____ | |
| ☐ Other (699) _____ | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| ☐ Sexual Predator (510) | ☐ Pre-Suit Discovery (670) | | |

**Submitting Party Signature:** _____    CLERK OF COURT
                                                      ORANGEBURG COUNTY
                                    Date: 10-26-16

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (12/2015)                                Page 1 of 2

**DEFENDANT'S EXHIBIT A**

**Effective January 1, 2016,** Alternative Dispute Resolution (ADR) is mandatory in all counties, pursuant to Supreme Court Order dated November 12, 2015.

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**Pursuant to the ADR Rules, you are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs.

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:** **You must comply with the Supreme Court Rules regarding ADR. Failure to do so may affect your case or may result in sanctions.**

| | |
|---|---|
| STATE OF SOUTH CAROLINA )<br>)<br>COUNTY OF ORANGEBURG )<br>)<br>Ashley Rynes, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>National Casualty Company, )<br>)<br>    Defendant. )<br>) | IN THE COURT OF COMMON PLEAS<br>CASE NO.: 2016-CP-38-01383<br><br>**SUMMONS**<br>(Jury Trial Demanded) |

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your answer to the said Complaint on the subscribers at their offices located at 250 Gibson Street, Orangeburg, SC 29115, within thirty (30) days after the service hereof, exclusive of the date of such service; and if you fail to answer the Complaint within the aforesaid time, the Plaintiff in this action will apply to the Court for the relief demanded in this Complaint, and a judgment by default will be rendered against you for the relief demanded in this Complaint.

LANIER & BURROUGHS, LLC

Date: 10-26-16

Shane M. Burroughs, Esquire
Charles J. McCutchen, Esquire
Justin T. Bamberg, Esquire
David Marshall, Esquire
ATTORNEY FOR PLAINTIFF
Post Office Drawer 2789
250 Gibson Street
Orangeburg, South Carolina 29116

TRUE COPY

CLERK OF COURT
ORANGEBURG COUNTY, SC

STATE OF SOUTH CAROLINA  )   IN THE COURT OF COMMON PLEAS
                         )   CASE NO.: 2016-CP-38-01333
COUNTY OF ORANGEBURG     )
                         )
Ashley Rynes,            )
                         )
        Plaintiff,       )
                         )   **COMPLAINT**
vs.                      )   (Jury Trial Demanded)
                         )
National Casualty Company,)
                         )
        Defendant.       )
_____)

Now comes the Plaintiff complaining of the Defendants herein who would allege:

1. That the Plaintiff is a citizen and resident of the County of Orangeburg, State of South Carolina.

2. That the Defendant, National Casualty Company, (hereinafter "National") is corporation organized and existing under the laws other than the State of South Carolina that issues policies of insurance in South Carolina, specifically Orangeburg County, and is upon information and belief a wholly owned subsidiary of Scottsdale Insurance Company and Nationwide Mutual Insurance Company, who are involved in the business of insurance.

3. That the Defendant has agents for the transaction of its business in Orangeburg County, South Carolina.

4. That the Defendant owns property (including, without limitation, contract rights) in Orangeburg County, South Carolina.

5. That the Defendant transacts business in Orangeburg County, South Carolina and derives substantial revenue from business conducted in and services rendered in South Carolina


A TRUE COPY
CLERK OF COURT
ORANGEBURG COUNTY, S

thereby subjecting Defendants to jurisdiction in this State via S.C. Code §36-2-802, §36-2-803, and other statutory and legal authority.

6. That the Defendant, by and through its subsidiaries and/or employees/ agents, sold the Plaintiff a homeowner's insurance policy, policy number MDO0111016 (the "Policy") which insured the Plaintiff's home, as well as insuring other structures, personal property, and loss of use.

7. That the effective dates of the Policy were July 12, 2012 through July 12, 2013.

8. That on or about March 30, 2013, during the period of coverage afforded under the Policy, Plaintiff suffered a loss of personal property in the form of a theft which caused substantial and significant loss to the Plaintiff (the "Loss").

9. That as a result of the Loss, Plaintiffs demanded the payment of benefits from the Defendant pursuant to the Policy (the "Claim").

10. That the Defendant has not honored the Claim in its entirety and specifically has denied benefits due under certain provisions, and Defendant ultimately denied the Plaintiff's claim on October 28, 2013.

## FOR A FIRST CAUSE OF ACTION
(Breach of Contract)

11. That each and every allegation contained in Paragraphs 1 through 10 above is hereby realleged and reiterated as if fully set out herein.

12. That the Plaintiff's Claim was covered by the Policy.

13. That the Defendant's denial of the Claim were wrongful and in violation of the Policy.

14. That the Plaintiff has suffered damages as a direct and proximate result of the Defendant's unjustified breach of the Policy.

15. That the Plaintiff is entitled to an award of actual damages against Defendant due to Defendant's breach of contract.

16. That Plaintiff is also entitled to an award of attorneys' fees against Defendant under S.C. Code Ann. §38-59-40 (1976, as amended) because Defendant's denial of the Claim was unreasonable and/or in bad faith.

### FOR A SECOND CAUSE OF ACTION
(Bad Faith/Refusal to Pay First Party Benefits Under an Insurance Policy)

17. That each and every allegation contained in Paragraphs 1 through 16 above is hereby realleged and reiterated as if fully set out herein.

18. That under the Policy, Defendant owed the Plaintiff an implied duty of good faith and fair dealing and implicitly covenanted to refrain from doing anything to impair the Plaintiff's rights to receive benefits due under the Policy.

19. That the Defendant violated the implied duty of good faith and fair dealing, has acted in bad faith, and/or was negligent, reckless, and willful, and wanton in one or more of the following particulars:

   a. In refusing to honor the Claim after reasonable proof of same;

   b. In unreasonably delaying payment of the Claim;

   c. In failing to communicate to the Plaintiffs any reasonable justification for refusing to honor the Claim;

      d.     In failing to attempt in good faith to effect the fair and equitable settlement of the Claim;

      e.     In compelling the Plaintiff to institute a lawsuit to recover benefits due under the Policy;

      f.     In failing to investigate fully and to review the Claim to determine whether it came within the coverage afforded by the Policy;

      g.     In refusing to give reasonable interpretations of the Policy or any reasonable application of its provisions;

      h.     In acting to protect its own financial interest at the expense of the Plaintiff's rights;

      i.     In acting negligently, unreasonably, in bad faith, and in reckless disregard of the rights of the Plaintiff; and

      j.     In such other and further particulars that the evidence at trial may show.

20.     That as a direct and proximate result of the Defendant's negligence, bad faith, recklessness, and wantonness, Plaintiff has suffered damages including, without limitation, the loss of their property and loss of use of same without reimbursement as due under the Policy, mental and emotional stress, the cost of hiring legal counsel to pursue the claim, the cost and expenses associated with bringing this action, and the loss of use of the money owed by the Defendant under the Policy.

21.     That the Plaintiff is entitled to a judgment against the Defendant for loss and damages in a sum to be determined by the jury for both actual and punitive damages.

**WHEREFORE** having fully set forth the allegations herein against the Defendant, the Plaintiff prays for judgment against the Defendant for actual and punitive damages in a sum to be

determined by the trier of fact, attorney's fees and costs, and any other relief that this Court deems necessary and proper.

                                        LANIER & BURROUGHS, LLC

Date: 10-26-16

                                        Shane M. Burroughs, Esquire
                                        Charles J. McCutchen, Esquire
                                        Justin T. Bamberg, Esquire
                                        David Marshall, Esquire
                                        ATTORNEY FOR PLAINTIFF
                                        Post Office Drawer 2789
                                        250 Gibson Street
                                        Orangeburg, South Carolina 29116



U.S. POSTAGE >> PITNEY BOWES
ZIP 29201 $ 005.80⁰
02 1W
0001369055 NOV. 07. 2016

Presort
First Class Mail
ComBasPrice



STATE OF SOUTH CAROLINA
**DEPARTMENT OF INSURANCE**
P.O. BOX 100105
COLUMBIA, S.C. 29202-3105

91 7199 9991 7036 4838 5965

**CERTIFIED MAIL**

**RETURN RECEIPT REQUESTED**

**SERVICE OF PROCESS**

NATIONAL CASUALTY CO
c/o Corporation Service Company
1703 Laurel Street
Columbia, SC 29201